THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLARA HARCQ, Appellant.

Submitted January 14, 1944; decided April 13, 1944.

*Sidney I. Prager* for appellant. The County Court had the power to place the defendant-appellant on probation and erroneously held that it lacked such power. (Code Crim. Pro. § 764.)

*Edward J. Neary, District Attorney* (*Philip Huntington* of counsel), for respondent. Upon the appeal from the judgment of conviction the County Court, as an appellate court, had no power to suspend execution of sentence and, or, place the defendant-appellant on probation. (*People* v. *MacKenzie,* 69 Misc. 540; *People* v. *Finucan,* 151 App. Div. 92; *People* v. *Dinehart,* 155 App. Div. 687; *People* v. *Maher,* 92 Misc. 50.)

CONWAY, J. The defendant was convicted of the crime of assault in the third degree by a city court judge of the City of Long Beach, Nassau County, sitting as a court of special sessions. The defendant was fined $500 (with provision for service of 500 days in the Nassau County jail in default thereof) and sentenced to serve 60 days imprisonment in the Nassau County jail. Upon appeal to the County Court of Nassau County, the learned County Judge was of the opinion that he was without the power, under section 764 of the Code of Criminal Procedure, to modify the sentence so as to suspend the

60-day sentence or the execution thereof and to place the defendant on probation. The County Judge did, however, modify the judgment of conviction by eliminating the provision that the defendant serve 500 days in the Nassau County jail in default of payment of the fine and limited the sentence to imprisonment for 60 days. With that modification the judgment was affirmed. Appeal by defendant was allowed to this court in order that it might be determined whether the ruling was correct that it was not within the power of the appellate court to suspend the 60-day sentence of defendant or its execution.

Code of Criminal Procedure, section 764, reads as follows: " After hearing the appeal the court must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendants, and *may render the judgment which the court below should have rendered,* or may, according to the justice of the case affirm or reverse the judgment, in whole or in part, as to all or any of the defendants, if there be more than one, or may order a new trial, or may modify the sentence." (Emphasis supplied.)

Appellant relies upon the italicized portion of the language of the statute. The People, on the other hand, rely upon *People v. Maher* (92 Misc. 50, 52, 53), wherein it was said: " * * * the statute defining the appellate jurisdiction of this court is not broad enough to afford appellant the relief which she seeks. This relief is either an unconditional release from the institution where she is confined under a partially executed sentence or a release on a suspension of sentence by this court and a placing on probation. The law provides that upon the hearing of an appeal this court is to give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of a defendant and that it may render the judgment which the court below should have rendered, or according to the justice of the case affirm or reverse the judgment in whole or in part or order a new trial either in the court below or before it or modify the sentence. This court cannot, in the exercise of the power to render the judgment which the court below should have rendered, suspend sentence and place a defendant on probation. *A suspending of sentence and a placing on probation are not the rendition of judgment. Such action is the deferring of judgment.* It can

only suspend sentence and place on probation where a new trial can be and is had before it."

That case (decided in 1915) is the only case called to our attention which directly construes the language employed in the statute under consideration.

Section 2188 of the Penal Law provides, in part: " The court, judge, justice or magistrate *authorized to impose sentence* upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment * * *." (Italics supplied.)

In *People ex rel. Woodin* v. *Ottaway* (247 N. Y. 493) the County Court Judge sentenced the defendants to a State prison for the crime of assault in the second degree. After affirmance by the Appellate Division, the County Court suspended the execution of the judgment on condition that the defendants pay a fine. An application was subsequently made to the Supreme Court by the District Attorney for an order of mandamus directed to the County Judge, commanding him to vacate the order of resentence. The application was denied, and the order denying it was affirmed by the Appellate Division " as a matter of law and not in the exercise of any discretion ". (222 App. Div. 711.) Thereafter the Appellate Division granted leave to appeal to this court. This court affirming, in a *per curiam* opinion, said: " In the view of a majority of this court, the mandate of the County Court was not a revocation of the sentence previously imposed and the imposition of a new one. It was a suspension of the execution of the judgment upon compliance by the defendants with a condition which they might accept or reject " (p. 495).

It was further said (pp. 496–7) : " Jurisdiction was not lost though the appeal to the Appellate Division and the affirmance by that court before the order for a stay was made. Section 546 of the Criminal Code does not touch the situation. All that it does is to confer power on appellate courts to make such directions as may be necessary in view of changed conditions to carry a judgment into effect, as, e.g., where the date fixed for the execution of a death sentence has expired pending an appeal. *There was no thought to invest them with jurisdiction to determine whether sentence should be suspended or a*

*defendant placed upon probation.* This conclusion becomes the more obvious when we consider a few dates. Section 546 goes back in its present form to 1882. The power to suspend sentence did not have recognition in any statute till 1893 (L. 1893, ch. 279, amending Penal Code, § 12; *People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288, 294). Not till 1918 was there a statute giving power to impose a sentence in the first instance, and thereafter stay the judgment (L. 1918, ch. 457; cf. L. 1913, ch. 125, amending Code Crim. Pro. § 517, and superseding *People* v. *Flaherty,* 126 App. Div. 65). Obviously section 546 was framed *alio intuitu. The problem might wear another aspect if the discretion to suspend or stay were subject to review upon appeal.* There is no contention that it is. A judgment of affirmance either by this court or by the Appellate Division is not an expression of opinion as to the propriety of staying or suspending the execution of the sentence. There is no jurisdiction in either court to express such an opinion with any authoritative force. The Appellate Division can indeed reduce the sentence, *but never below the minimum penalty provided by law* (Code Crim. Pro. § 543). *The power to stay execution, like the power to revoke the stay, or to place a defendant on probation, is confided to the court of original jurisdiction, which may be controlled in the exercise of its discretion by information dehors the record.* It is not shorn of the power by an intermediate appeal."

That case was decided in 1928, twenty-one years after the amendment to section 750 *infra.* While it had reference to sections 543 and 546 of the Code of Criminal Procedure, it would appear to be equally applicable here.

Did the Legislature by the employment of the words, "may render the judgment which the court below should have rendered" (§ 764, *supra*), confer upon an appellate court the power to suspend sentence where the court below has not done so but where the appellate court is of the opinion that the court below should have suspended the sentence? We think not. Is the suspension of a judgment a rendition of a judgment? We think not. In *The People* v. *Bork* (78 N. Y. 346, 350) this court said: "There was in the Oyer and Terminer a conviction, but sentence was suspended. There was therefore in that court no judgment, because the sentence is the judgment". "The judg-

ment in a criminal case upon conviction is the sentence of the court.'' (*People* v. *Bradner,* 107 N. Y. 1, 11.) '' The suspension of the sentence simply postpones the judgment of the court temporarily or indefinitely, but the conviction and liability following it, and all civil disabilities, remain and become operative when judgment is rendered.'' (*People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288, 294.) '' * * * in a criminal case the sentence of the court as minuted in the clerk's minutes is the judgment. Hence, if sentence be suspended, that means no judgment is passed * * *.'' (*People* v. *Boehm,* 176 App. Div. 401, 402). (See, also, *People* v. *Fabian,* 192 N. Y. 443, 453; *People ex rel. La Placa* v. *Murphy,* 277 N. Y. 581.)

Further indication that a suspension of a judgment is not a judgment is found in the fact that to permit an appeal in a case of a suspended judgment such as has been discussed it was necessary for the Legislature specifically to provide therefor in section 750 of the Code of Criminal Procedure (1907). That section reads as follows: '' An appeal may be taken as provided by section five hundred and twenty, and for the purposes of an appeal a conviction for a criminal offense shall be deemed a final judgment although sentence shall have been suspended by the court in which the trial was had or otherwise suspended or stayed.''

The judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Judgment affirmed.