Hyman Barshay, J.
On May 15, 1928, the petitioner was arraigned in this court on an indictment for robbery in the first degree, assault in the second degree and grand larceny in the first degree. After trial, he was found guilty by a jury of robbery in the first degree, unarmed. On October 29, 1928, he was arraigned for sentence and was asked whether he had any legal cause to show why the judgment of the law should not now be pronounced against him. In reply, he moved to set aside the verdict. That motion was denied and the court deferred sentence for two weeks pending further investigation. On November 12, 1928, the petitioner was sentenced to a term of not less than 15 years and not more than 25 years in State prison.
He now claims that on the adjourned day, he was illegally sentenced in that he was not asked whether he had any legal cause to show why judgment should not be pronounced as required by section 480 of the Code of Criminal Procedure.
On consent of the District Attorney a hearing was held. The evidence adduced at the hearing disclosed that the minute book in which entries are made by the clerk of the part, is the only contemporaneous record of the proceedings in a particular part. With respect to the sentence of this defendant, minute book number 287, at page 83, contains the following entry: “ Sentence is this day imposed by Hon. Alonzo McLaughlin in this part. * * * Isidore Lipschultz Bob. 1st Sing Sing Prison. 15 years to 30 [sic] years.” Although there is an entry in sentence book number 285, page 93, which, under date of November 12, 1928, indicates a compliance with section 480 of the Code of Criminal Procedure, it was testified to by a clerk of this court that entries in the sentence book are not made simultaneously with the imposition of sentence. Section 480 provides: “ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” On sentence day, November 12, 1928, the provisions of section 480 of the Code of Criminal Procedure were not complied with.
In the case of People ex rel. Miller v. Martin (1 N Y 2d 406, 410) the court held: “In a criminal case the sentence of the *688 court is the judgment (see People v. Cioffi, 1 N Y 2d 70, 72; People v. Shaw, 1 N Y 2d 30, 32; People v. Harcq, 292 N. Y. 321, 326). Thus the mandate of section 480 must he followed at the time defendant appears for sentencing, and at no other time. On this occasion defendant may show that he is insane, or that he has good cause to offer, either in arrest of judgment, or for a new trial (Code Crim. Pro., § 482).” On the record herein, I find there was no compliance with section 480. This application is, therefore, granted. The petitioner is to be produced in court for resentence as soon as convenient to the authorities in whose charge he is presently committed. Submit order.