Hyman Barshay, J.
The defendant, after pleading guilty to the crime of robbery in the second degree, was duly arraigned for sentence on April 20, 1954. It is undisputed that at that time, he was represented by counsel and, in pursuance of section 480 of the Code of Criminal Procedure, he was asked whether he had any legal cause to show why the judgment of the law should not be pronounced against him. His able and experienced counsel made an eloquent plea for mercy but urged none of the matters set forth in section 481 of the Code of Criminal Procedure which specify the causes why judgment should not be pronounced. Thereafter the defendant was sentenced to a *738 term of. not less than 3 years and not more than 10 years in Sing Sing Prison. Within the hour, the court’s attention was directed by the clerk of the court that, because the defendant was under 21 years of age, the place of his commitment should be the Reception Center at Elmira. (Correction Law, §§ 60, 61). The court thereupon ordered the defendant recalled from the detention pen in the County Court and changed the place of commitment to the Reception Center at Elmira instead of Sing Sing Prison. At that time, the defendant’s counsel was not present nor' was the defendant again advised of section 480 of the Code of Criminal Procedure.
He now moves to vacate and set aside the judgment of conviction on the ground that at the time of recall, he again should have been advised in accordance with section 480 of the Code of Criminal Procedure and on the further ground that his counsel should have been present. Section 480 provides: ‘ ‘ When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” (Italics supplied.) In this case, there was strict compliance with the statute. When the court, within the hour, recalled the defendant and changed the place of his commitment, he was not appearing for judgment and, therefore, there was no need to advise him again why judgment should not be pronounced against him.
The defendant relies on the case of People ex rel. Miller v. Martin (1 N Y 2d 406, 407, 408). In that case, on February 25, 1952, the defendant was arraigned on three indictments accusing him of committing the crimes of rape in the first degree, rape in the second degree, assault in the second degree and attempted extortion. In the presence of retained counsel, the defendant pleaded not guilty and thereafter, for some time, he was incarcerated in a State hospital for the mentally ill. On April 14, 1952, with his counsel present, he pleaded guilty to rape in the second degree, etc., and in the presence of his attorney, he was asked, ‘ Have you any legal cause to show why judgment should not now be pronounced ”, and he answered, “ Ño ”. On the court’s motion, sentence was deferred for two weeks pending further investigation. On April 28, 1952, he again appeared in court with his attorney and after the District Attorney moved for imposition of sentence, the court asked, ‘ Anything to be said before we proceed? ” The defendant’s counsel thereupon stated that he could no longer represent the defendant and asked for an adjournment so that the. defendant could retain new counsel and called the court’s attention to the fact that, “ there is also the possibility of the mental condition of the defendant.” *739 The court thereupon ruled that the defendant having pleaded guilty and the investigation having been completed, it would be futile to further delay sentence. The court then sentenced the defendant to 3% years to 10 years, at hard labor. At no time during the proceedings on April 28, 1952, was the defendant asked whether he had any legal cause to show why the judgment should not be pronounced against him. In finding that there was not even substantial compliance with section 480, the court said (p. 410): “In a criminal case the sentence of the court is the judgment (see People v. Cioffi, 1 N Y 2d 70, 72; People v. Shaw, 1 N Y 2d 30, 32; People v. Harcq, 292 N. Y. 321, 326). Thus the mandate of section 480 must be followed at the time defendant appears for sentencing, and at no other time. On this occasion defendant may show that he is insane, or that he has good cause to offer, either in arrest of judgment, or for a new trial (Code Crim. Pro., § 482).” The facts in this case are readily distinguishable.
Because of the finding above set forth there was, therefore, no need for the appearance of counsel at the time of the change of commitment. The defendant further contends that the court was not empowered to sentence and commit him to the Reception Center at Elmira for a term beyond five years. That contention would be correct only if the court imposed the sentence pursuant to section 288 of the Correction Law. The sentence imposed was pursuant to sections 60 and 61 of the Correction Law which empower the court to fix the sentence imposed. The application is, therefore, in all respects denied. Submit order.