■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISIDORE LIPSCHULTZ, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Appellant.— Appeal from an order of the County Court of Clinton County sustaining a writ of habeas corpus and remanding the relator to the Court of General Sessions for resentence as a first felony offender. It appears from the record that on November 12, 1928, relator was sentenced by the County Court of Kings County to a term of from 15 to 25 years imprisonment as a first felony offender after a finding of guilty by a jury of the crime of robbery in the first degree. The return to the writ indicates that relator was paroled on May 25, 1936 and declared delinquent on October 19 of the same year. On March 19, 1937, relator was sentenced by the Court of General Sessions as a second felony offender for a term of from 20 to 40 years imprisonment upon a plea of guilty to robbery in the second degree. He was received in prison the last time on March 22, 1937 owing delinquent time on the first sentence of something over 16 years. On July 29, 1958 the County Court of Clinton County sustained the writ of habeas corpus which is the subject of this appeal. The order sustaining the writ states in part: "and it appearing to the satisfaction of the Court that a commitment of the County Court of Kings County dated November 12, 1928 could not be used as a prior felony conviction upon the sentencing by the General Sessions Court of New York County on May 19, 1937 by reason of the fact that the 1928 sentence did not comply with Sections 472 and 480 of the Code of Criminal Procedure". The record is defective in that it does not show whether the writ was sustained after a hearing or merely upon relator's petition, with papers annexed, and the appellant Warden's return. An extract from the minutes of the Kings County Court, dated April 30, 1957, indicates that the 1928 sentence was vacated and set aside in a *coram nobis* proceeding but the grounds are not stated. However the matter is officially reported (*People* v. *Lipschultz*, 5 Misc 2d 686, affd. 6 A D 2d 684). Thereupon relator was resentenced to the same term of from 15 to 25 years imprisonment *nunc pro tunc* as of November 12, 1928. These minutes also indicate that relator was asked prior to being resentenced whether he had anything to say why judgment should not be pronounced against him, apparently a belated compliance with section 480 of the Code of Criminal Procedure. The decision of the Kings County Court in the *coram nobis* proceeding is not in the record but we assume for the purpose of this appeal that the 1928 sentence was vacated and set

aside because there had been a failure to comply with sections 472 and 480 of the Criminal Code. On the basis of this assumption, which is the most favorable that can be drawn from this record in relator's favor, we think the order of the County Court of Clinton County sustaining the writ and directing the resentence of relator as a first felony offender was erroneous. Section 472 which provides for a two days' delay after the verdict before sentence is imposed is largely procedural and may be waived by a defendant. In fact a defendant may be sentenced on the same day the verdict is rendered if the court does not intend to remain in session (*People* v. *Spencer,* 179 N. Y. 408). Section 480 however involves a fundamental right which cannot be waived, and the court is required to ask a defendant whether he has any legal cause to show why judgment should not be pronounced against him (*People ex rel. Miller* v. *Martin,* 1 N Y 2d 406). However, for a violation of either section, or both, relator is entitled to relief only to the extent of a resentence. The conviction is not voided in its entirety (*People* v. *Sullivan,* 3 N Y 2d 196; *People ex rel. Miller* v. *Martin, supra*). Thus we reach the conclusion that even though the 1928 sentence was improper relator was properly sentenced as a second offender in 1937. Relator has since been resentenced and given the opportunity to state whether he had any legal cause to show why judgment should not be pronounced against him. Order reversed and relator remanded to the custody of the Warden of Clinton Prison, Dannemora, New York. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.