THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAY S. WEINBERGER, Appellant.

Second Department, June 22, 1964.

*Herbert S. Siegal* for appellant.

*Frank D. O'Connor*, District Attorney (*Eileen M. Thornton* of counsel), for respondent.

HILL, J. On December 12, 1962 defendant was sentenced as a second felony offender. He now appeals from that sentence on the single ground that he was a first offender and not a second felony offender, as the term second offender is defined by section 1941 of the Penal Law. Insofar as relevant, subdivision 1 of that section reads as follows: " a person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows ".

The facts are not in dispute. On December 12, 1962 the defendant was sentenced as a second offender for stealing an automobile; he committed such theft some time between May 5 and July 13, 1962, while free on bail for the prior commission of another felony. On April 17, 1962 he had pleaded guilty to such prior felony and had been released on bail

pending sentence therefor. For such prior felony, he was sentenced as a first offender on November 16, 1962; and about a month later, on December 12, 1962, upon the basis of such prior sentence, he was sentenced as a second felony offender after he had pleaded guilty to the charge of stealing the automobile.

At the time of his sentence defendant admitted the factual allegations of the District Attorney's information charging him with being a second offender, but claimed that his plea of guilty on April 17, 1962 could not be counted as being a conviction of a felony under the statute (Penal Law, § 1941). The trial court held to the contrary, and defendant was accordingly sentenced as a second felony offender.

On this appeal, defendant presses his contention that a verdict or plea of guilty is not a conviction, and that his conviction for the prior felony actually occurred on November 16, 1962 when he was finally sentenced therefor, and not on April 17, 1962 — the date he had pleaded guilty to such felony. Hence, he contends that his first conviction on November 16, 1962 postdated the commission of his second felony and he therefore did not come within the purview of the statute (Penal Law, § 1941, subd. 1) which authorizes the imposition of sentence as a second felony offender.

Thus, this appeal requires us to determine whether a plea of guilty, standing alone, constitutes a conviction within the meaning of section 1941 of the Penal Law as applied to a second offender.

Concededly, defendant committed the second felony *after* he had pleaded guilty to the first felony but *before* sentence had been pronounced on the first felony. The second offender statute, by its terms, requires increased punishment of a person who, after having been " convicted " of a felony, commits another felony in this State (Penal Law, § 1941).

" The word ' convicted ' or ' conviction ' is of equivocal meaning. It may mean the adjudication of guilt whether by plea, finding or verdict." (*Matter of Lewis* v. *Carter,* 220 N. Y. 8, 16.) The use of the term may vary with the particular statute involved, and its meaning presents a question of legislative intent (*Matter of Richetti* v. *New York State Bd. of Parole,* 300 N. Y. 357, 360).

Thus, in civil matters a plea or verdict of guilty followed by suspension of sentence is a conviction under subdivision 12 of section 6613 (formerly § 1311) of the Education Law and under section 211 of the Correction Law (formerly the Prison Law) (*Matter of Weinrib* v. *Beier,* 294 N. Y. 628, 631; *Matter of Lewis*

v. *Carter*, 220 N. Y. 8, 11–12, *supra*), but not under section 34 (now § 152) of the Election Law, nor under section 2 (now § 3) of article II of the New York Constitution (*People* v. *Fabian*, 192 N. Y. 443, 445). Similarly, a plea or verdict of guilty followed by imposition of sentence is a conviction under section 219 of the Correction Law (*People ex rel. Spurio* v. *Foster*, 293 N. Y. 820, 821); but a verdict of guilty not followed by imposition or suspension of sentence is not a conviction under section 242 of said law (*Matter of Richetti* v. *New York State Bd. of Parole*, 300 N. Y. 357, 360–361, *supra*).

In criminal cases, however, the sentence is the judgment, and there can be no judgment until sentence has been imposed (*People* v. *Harcq*, 292 N. Y. 321, 325–326 and cases there cited). Thus, a plea of guilty followed by suspension of sentence is not a conviction for fourth offender purposes under section 1942 of the Penal Law (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249, 251). Although suspension of sentence is not a rendition of judgment (*People* v. *Harcq*, *supra*), section 470-b of the Code of Criminal Procedure specifically provides that a plea or verdict of guilty *and* suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction for second offender purposes.

We view this section (Code Crim. Pro., § 470-b) as a clear expression of legislative intent that a plea of guilty, standing alone and not followed by suspension of sentence or by imposition of sentence and suspension of its execution, does not constitute a conviction within the meaning of section 1941 of the Penal Law as applied to a second offender. This view finds support in the general rule that where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law a person is not deemed to have been convicted unless it is shown that a judgment has been pronounced upon the verdict (see *Matter of Lewis* v. *Carter*, 220 N. Y. 8, 16, *supra*; *People* v. *Fabian*, 192 N. Y. 443, 452, *supra*).

The judgment should be reversed on the law and the action remitted for imposition of sentence upon defendant as a first offender.

No questions of fact were considered.

BELDOCK, P. J., KLEINFELD, CHRIST and BRENNAN, JJ., concur.

Judgment reversed on the law and defendant remanded to the trial court for the purpose of resentence as a first felony offender. No questions of fact were considered.