MATTER OF QUADARA:

In Deportation Proceedings.

A-11593423

· Decided by Board January 11, 1966

(1) Conviction of assault, second degree, with intent to commit the crime of robbery is conviction of a crime involving moral turpitude.

(2) Where an alien, following conviction in New York of a crime involving moral turpitude committed within 5 years after entry, was sentenced to not less than one year nor more than two years in the State prison, a final judgment of conviction exists on which to predicate a ground of deportation under section 241(a)(4), Immigration and·Nationality Act, notwithstanding execution of sentence was suspended and he was placed on probation on condition of restitution.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years of entry and sentenced to a .year or more, to wit, assault, second degree.

The case comes forward on appeal from the order of the special inquiry officer dated June 14, 1965 finding the respondent deportable on the charge stated in the order to show cause and ordering that he be deported to Italy.

The record relates to a native and citizen of Italy, 21 years old, male, who last entered the United States at the port of New York on April 29, 1959. He was admitted for permanent residence as a nonquota immigrant, the unmarried minor son of a citizen of the United States.

The respondent's mother was a native-born citizen of the United States by birth on March 27, 1915 in this country. She left the United States at the age of seven and did not return to this country until 1958, again left in 1959 and returned to the United States in April 1964. She is presently a resident of the United States. The respondent's father was born in Italy and is not a United States citizen. He came to the United States on April 29, 1959, stayed for

457

only four or five months and returned to Italy. The respondent testified that his parents were married but he does not know the date. It is concluded that the respondent did not acquire United States citizenship at birth because his mother did not have the requisite residence in the United States prior to such birth as set forth in section 301(a)(7) of the Immigration and Nationality Act or by virtue of any prior statute.

On April 30, 1964 the respondent was charged with committing a crime on April 17, 1964, which was a period within five years of his last entry. He was indicted on seven counts and during his trial on November 30, 1964 he pleaded guilty to the crime of assault second degree under count three of the indictment. The third count of the indictment alleged that the respondent was guilty of the crime of assault in the second degree committed as follows:

The said defendant, in the County of New York, on or about said April 17, 1964 with intent to commit the crime of robbery, assaulted said Merilio Torres.

Inasmuch as the intent to commit robbery with which the crime was committed obviously involves moral turpitude, the conviction of assault in the second degree with intent to commit robbery likewise involves moral turpitude. The respondent was sentenced to not less than one year and not more than two years in the State Prison, execution of the sentence was suspended and the respondent was placed on probation on condition of restitution of $2000 at a rate of $50 per month to be paid to the probation department. At oral argument counsel filed a brief arguing that the respondent is not deportable on the basis of the suspended sentence, setting out portions of the New York Code of Criminal Procedure. Although this belated service of brief was contrary to regulations, we shall dispose of the issue raised.

Counsel contends that the sentence to a term of not less than one year and no more than two years, execution of sentence suspended, probation, does not constitute a ground of deportation under the first clause of section 241(a)(4) of the Immigration and Nationality Act which provides for deportation of an alien who is convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement or confined therefor in a prison or corrective institution for a year or more. In support of this contention he relies principally upon sections 470-a and 483 of the New York Code of Criminal Procedure which allegedly has the net effect that no *definite* period of confinement has resulted.

Counsel also relies upon the case of *Holzapfel v. Wyrach*, 259 F.2d 890 (3rd Cir., 1958). This case involved an alien who was convicted of the offense of open lewdness and pursuant to the New Jersey Sex

Offenders Act was committed to a diagnostic center for a complete physical and mental examination. The County Court, after consideration of the report and recommendation of the diagnostic center, ordered and adjudged that the alien be confined in the New Jersey State Reformatory, sentence be suspended, and defendant placed in the custody of the Probation Officer for a period of three years, one of the conditions of probation being that the defendant takes psychiatric treatment. The court, commented regarding the New Jersey Sex Offenders Act, that it appears clear that this Act is directed primarily at rehabilitation and cure of persons found to require medical treatment; its penal aspects are decidedly secondary. The appellee had to be given a suspended sentence in order for the court to be able to enforce its probationary order that he undergo psychiatric treatment. Although the sentence was penal in form, in substance it merely provided for a series of psychiatric treatments. The coercive effect of the suspended sentence was intended to insure the participation of the appellee in the out-patient medical care. The penal element in this legislation was so unquestionably secondary that the humanitarian nature of the Act should not be subverted by any formalistic interpretation of its provisions. The court concluded that the suspended sentence was merely a technical means of enforcing the probation order and therefore was not within the purview of section 241(a)(4) of the Immigration and Nationality Act of 1952 authorizing deportation. The facts of the *Holzapfel* case are clearly inapposite to the present case.

The sections referred to by counsel in the New York Code of Criminal Procedure were considered in *People v. Weinberger*, 251 N.Y.S.2d 790 (S.C.N.Y., A.D., 1964). The court there stated that the term "convicted" or "conviction" is of equivocal meaning. It may mean verdict. The use of the term may vary with the particular statute involved and its meaning presents a question of legislative intent. The court then pointed out that in civil matters, under certain laws, a plea or verdict of guilty followed by suspension of sentence is a conviction while under other laws, it is not. It stated however that in criminal cases the sentence is the judgment, and there can be no judgment until sentence has been imposed. Thus, a plea of guilty followed by suspension of sentence is not a conviction for fourth offender purposes under section 1942 of the Penal Law. Although suspension of sentence is not a rendition of judgment, section 470-b of the Code of Criminal Procedure specifically provides that a plea or verdict of guilty and suspension of sentence or suspension of execution of the whole or a part of the judgment shall be regarded

as a conviction for second offender purposes. The court concluded that it viewed this section as a clear expression of legislative intent that "a plea of guilty, standing alone and not followed by suspension of sentence or by imposition of sentence and suspension of its execution does not constitute a conviction within the meaning of section 1941 of the Penal Law as applied to a second offender." By clear implication, a plea of guilty, followed by suspension of sentence or by imposition of sentence.and suspension of its execution, does consti- tute a conviction.[1]

The 1952 Immigration and. Nationality Act made a change in prior language and. under section 241(a)(4) made subject to de- portation an alien who was convicted of a. crime involving moral turpitude committed within five years after entry and either sen- tenced to *confinement* or *confined* therefor in a prison for a year or more. This change eliminated the necessity for actual confinement or imprisonment and made sentences to a year or more which were suspended a ground for deportation.[2] We conclude that the record of conviction and sentence to two years suspended, constitutes a final judgment of conviction and sentence and establishes deport- ability.

Counsel alternatively requests that the case be remanded for con- sideration of an application for adjustment of status inasmuch as it is now alleged that the respondent has since June 27, 1965 been married to a lawful permanent resident of the United States who is now pregnant and a visa petition submitted by the wife on his behalf was approved on September 20, 1965. However adjustment of status pursuant to section 245 is a matter of discretion. In view

[1] See also *People ex rel Troiani* v. *Fay*, 261 N.Y.S. 2d 394 (S.Ct., A.D. 1961), cert. den. 368 .U.S. 1003, where it was held that for certain purposes, a sus- pended sentence is not valid or the equivalent of a judgment of conviction for other purposes, the imposition of a suspended sentence is valid and the equivalent of a judgment of conviction (see, e.g., Penal Law, Sec. 2188; Code Crim. Proc., Secs. 700, 470-a, 470-b).

[2] *Matter of M—*, 6 I. & N. Dec. 346; *Burr* v. *Immigration and Naturalization Service*, 350 F.2d 87 (9th Cir. 1965); reaffirming *Burr* v. *Edgar*, 292 F.2d 593 (9th Cir. 1961); *Kelly* v. *Immigration and Naturalization Service*, 349 F.2d 473 (9th Cir., 1965); *Arrellano-Flores* v. *Hoy*, 262 F.2d 667 (9th Cir., 1958), cert. den..362 U.S. 921; *Garcia-Gonzalez* v. *Immigration and Naturaliza- tion Service*, 244 F.2d 804 (9th Cir., 1965), cert. den. 34 L.Ed. 319; *Gutierrez* v. *Immigration and Naturalization Service*, 323 F.2d 593 (9th Cir. 1963), cert. den. 12 L.Ed. 179; *Zabanazad* v. *Rosenberg*, 306 F.2d 861 (9th Cir., 1962); *Adams* v. *United States*, 299 F.2d 327 (9th Cir., 1962); *Wood* v. *Hoy*, 266 F. 2d 825 (9th Cir., 1959); *United States ex rel Fells* v. *Garfinkel*, 158 F. Supp. 524 (W.D. Pa., 1957), affd. 251 F.2d 846 (3rd Cir., 1958).

of the recency of the respondent's conviction and inasmuch as it appears that the respondent is still on probation and is still making restitution under the terms of the court order, it does not appear that discretionary relief is warranted. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.