[No. E005925. Fourth Dist., Div. Two. June 8, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND WILLARD RHOADS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Lawrence F. Salisbury, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DABNEY, J.**—After the jury found defendant guilty of possession of more than 28.5 grams of methamphetamine for sale (Health & Saf. Code, § 11378; Pen. Code, § 1203.073, subd. (b)(2)) and being under the influence of a controlled substance (Health & Saf. Code, § 11550), the trial court found true the allegations that defendant suffered a prior felony conviction within the meaning of Health and Safety Code section 11370.2, subdivision (c) and that defendant committed the violation of Health and Safety Code section 11378 while out on bail, within the meaning of Penal Code section 12022.1. The trial court sentenced defendant to state prison for three years on the violation of Health and Safety Code section 11378, six months, to run concurrent, on the violation of Health and Safety Code section 11550 and an additional three years under Health and Safety Code section 11370.2, subdivision (c), for a total of six years in state prison.

I.

## WHAT CONSTITUTES A PRIOR CONVICTION UNDER HEALTH AND SAFETY CODE SECTION 11370.2, SUBDIVISION (c)

We first address defendant's contention that a guilty plea, on which sentence has not yet been imposed, does not constitute a "conviction" under Health and Safety Code section 11370.2, subdivision (c).[1] Defendant cites

---

[1] Health and Safety Code section 11370.2, subdivision (c) provides: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

no direct authority to support this contention but instead relies on a single case from another jurisdiction.[2] We find, based on our review of Health and Safety Code section 11370.2, subdivision (c) and cases which have interpreted the term "conviction" in similar contexts, that this contention lacks merit. We hold that for purposes of Health and Safety Code section 11370.2, subdivision (c), "conviction" means the ascertainment of guilt, which occurred in this case when defendant voluntarily entered his plea of guilty to the prior offense.

The relevant facts are not in dispute. Defendant pled guilty before a magistrate in San Bernardino County on February 11, 1987, to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378). Defendant committed the present violation of Health and Safety Code section 11378 on March 15, 1987. Defendant was not sentenced on the February violation in San Bernardino until April 1, 1987. Defendant asserts, based on these facts, that the February guilty plea cannot be a prior conviction under Health and Safety Code section 11370.2, subdivision (c) because (1) defendant could have withdrawn the plea under Penal Code section 1018 prior to pronouncement of judgment and (2) a guilty plea entered pursuant to Penal Code section 859a does not constitute "an ascertainment of guilt" until the plea is accepted in superior court, where a factual basis is taken and sentence is imposed.

The essence of defendant's argument is that a guilty plea, standing alone, has no legal significance until subsequent events occur. In this case the operative event, according to defendant, is acceptance of the guilty plea in superior court, prior to its withdrawal, combined with the pronouncement of judgment. The rationale offered by defendant to support this argument is that "nonsensical results" might occur if an enhancement were imposed based upon a plea which was subsequently withdrawn or rejected. We find that the truly "nonsensical results" would occur under defendant's interpretation of the term "conviction." If defendant's interpretation were accepted, a person could commit and plead guilty to any number of violations within the purview of the statute, but so long as sentencing did not occur, the mandatory three-year enhancement would be avoided. The Legislature certainly did not intend to benefit a repeat offender such as defendant based solely on the fortuity of the timing of sentencing.

---

[2] Defendant cites *People v. Weinberger* (1964) 21 A.D.2d 353 [251 N.Y.S.2d 790] as the only authority to support his contention that a guilty plea is not a conviction until sentence is imposed. Although the facts in *Weinberger* are identical to those in this case, the decision is based on the legislative intent behind the New York second offender statute in light of other New York cases and criminal statutes which defined the term "conviction." We have not determined whether *Weinberger* is still "good law" in New York. The case is clearly not controlling and is not, in our opinion, persuasive authority.

The possibility that a plea might be withdrawn or might be rejected does not, in our opinion, affect the validity or effect of the plea unless and until withdrawal or rejection occurs.[3] A guilty plea which might be withdrawn or rejected is directly analogous to a felony conviction which might be reversed on appeal. ■ The legal effect of that conviction remains intact pending appeal and may be charged as a prior felony in a subsequent indictment (see *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758]) or used to impeach a witness at trial (see *People* v. *Braun* (1939) 14 Cal.2d 1, 6 [92 P.2d 402] [where the Supreme Court held that use of a prior conviction for impeachment purposes was proper even though after the trial where impeachment occurred, the prior conviction was reversed on appeal]). There is no reason to afford a guilty plea, which might be invalidated as the result of subsequent events, any less efficacy than that afforded to a conviction pending appeal.

■ We find that the operative event for determining whether defendant has suffered a prior "conviction" for purposes of imposing an enhanced sentence under Health and Safety Code section 11370.2, subdivision (c) is the ascertainment of guilt which, in turn, occurs when defendant pleads guilty. In reaching this conclusion, we recognize that the term "conviction" has no fixed definition and has been interpreted by the courts of this state to have various meanings, depending upon the context in which the word is used. The equivocal nature of the term was recognized in *Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073-1074 [194 Cal.Rptr. 717], where the court stated, "As appears in the case law, the terms 'convicted' or 'conviction' do not have a uniform or unambiguous meaning in California. Sometimes they are used in a narrow sense signifying a verdict or guilty plea, some other times they are given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon. [Citations.]"

■ Our conclusion comports with the purpose of Health and Safety Code section 11370.2, subdivision (c) and other criminal statutes which impose more severe penalties for second and subsequent offenses. That purpose is to deter repetition of the criminal conduct. (See *People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736], which acknowledges that the purpose of Penal Code section 667 is "the deterrence of recidivism.") ■ In this context, i.e., statutes which impose more severe penalties for second and subsequent criminal offenses, "conviction" means

---

[3] Defendant's plea was not withdrawn or rejected, as evidenced by the fact that defendant was sentenced on April 1, 1987, for the prior offense. We agree with defendant's rationale, in principle, that it would be unjust to impose an enhanced sentence based upon a prior conviction which was subsequently invalidated. That case, however, is not before this court and we need not speculate about the resolution of that issue.

the ascertainment of guilt, whether by plea or verdict. (See *People* v. *Loomis* (1965) 231 Cal.App.2d 594, 596 [42 Cal.Rptr. 124], which holds that ". . . a plea or finding of guilty constitutes a conviction within the meaning of the statutes whose applicability depends upon prior offenses" and *People* v. *Clapp, supra*, 67 Cal.App.2d at p. 200, which holds that "Conviction does not mean the judgment based upon the verdict, but it is the verdict itself [citation.]," both of which we reaffirm here.)

In *People* v. *Johnson* (1989) 210 Cal.App.3d 316 [258 Cal.Rptr. 347], the court relied upon the foregoing cases, among others, to support its conclusion that the phrase "has been convicted" as used in Penal Code section 667 means the ascertainment of guilt by jury verdict. The *Johnson* court rejected the contention that the defendant had not suffered a conviction for purposes of Penal Code section 667 where a jury had found defendant guilty but defendant had not been sentenced at the time the second offense was committed. In reaching its conclusion, the court noted that ". . . in other contexts [other than Penal Code section 667] our courts have ruled that the term 'conviction' for purposes of sentencing refers solely to the ascertainment of guilt, i.e., the verdict, and does not include the judgment. [Citations.]" (*People* v. *Johnson, supra*, 210 Cal.App.3d at p. 324.)

We find the analysis in *Johnson* persuasive and directly applicable in this case. We reject defendant's assertion that an ascertainment of guilt based upon a guilty plea is some how distinguishable from that which results from a jury verdict. Defendant offers no support for this purported distinction except to note that, unlike a guilty plea, a jury verdict cannot be withdrawn.[4] We have previously disposed of defendant's claim that the possibility of withdrawing a guilty plea renders the plea meaningless until sentence is imposed. There is no distinction of legal significance between a guilty plea and a verdict of guilt. ▪ "Where a defendant pleads guilty, and his plea is entered of record . . . he stands convicted in the eye of the law as fully as he would have been by a verdict of guilty. He is convicted by his plea, and there is, therefore, no occasion for a trial, and nothing remains to be done except to pronounce judgment." (*People* v. *Goldstein* (1867) 32 Cal. 432, 433.)

The express language of the statute further persuades us that the Legislature intended the term "conviction" to mean the ascertainment of guilt rather than the imposition of sentence pursuant to pronouncement of judgment. Health and Safety Code section 11370.2, subdivision (c) provides, in relevant part, that the three-year consecutive term "shall" be imposed ". . .

---

[4] A jury verdict may be attacked, however, by a motion for new trial, a fact which defendant ignores in his analysis.

for each prior felony conviction . . . *whether or not the prior conviction resulted in a term of imprisonment.*" (Italics added.) The sentence imposed pursuant to pronouncement of judgment is clearly not the operative event in determining whether defendant has suffered a prior conviction for purposes of the statute.

We find, therefore, that the trial court properly determined that defendant had suffered a prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (c).

II.\*

. . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

McDaniel, Acting P. J., and Ziebarth, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied September 12, 1990.

---

\* See footnote, *ante*, page 56.
† Assigned by the Chairperson of the Judicial Council.