[No. G035897. Fourth Dist., Div. Three. July 21, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JOHN KIRK, Defendant and Appellant.

**COUNSEL**

Paul S. Meyer for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Erika Hiramatsu, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**O'LEARY, J.—** ▉ Penal Code section 1000 permits a court to defer judgment for certain novice drug offenders, and to divert the defendant from the normal criminal process for drug treatment.[1] If diversion is successfully completed, the charges are dismissed.

One basis for exclusion from diversion is a "conviction for any offense involving controlled substances prior to the alleged commission of the charged offense." (§ 1000, subd. (a)(1).) This case presents an issue of first impression: Does a guilty plea, on which sentence has not been imposed, constitute a prior conviction for purposes of section 1000? The term "conviction" has no fixed definition and is susceptible to different meanings that must be derived from the surrounding context. (*People v. Rhoads* (1990) 221 Cal.App.3d 56, 60 [270 Cal.Rptr. 266] (*Rhoads*).) For the purposes of section 1000, we conclude "conviction" means the ascertainment of guilt, which

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

occurs as soon as the defendant pleads guilty (or a jury enters a guilty verdict) and does not require more.

Accordingly, we affirm the judgment in this case. The court and district attorney properly determined Michael John Kirk was ineligible for deferred entry of judgment pursuant to section 1000 because he pleaded guilty to an offense involving controlled substances in federal court a few months prior.

## FACTS

Kirk was charged with two offenses, unlawfully possessing methamphetamine and unlawfully using and being under the influence of methamphetamine. At the outset of the proceedings, Kirk's counsel requested deferred entry of judgment pursuant to section 1000. The district attorney asserted Kirk was ineligible because he had "a federal case of a possession of a controlled substance to which he pleaded guilty . . . prior to this violation." Kirk's counsel argued the guilty plea should not be treated as a prior conviction because "there was no sentencing that took place in that case and no sentencing is anticipated."

## DISCUSSION

### A. *Deferred Entry of Judgment—Section 1000*

Sections 1000 through 1000.4 "authorize the courts to 'divert' from the normal criminal process persons who are formally charged with first-time possession of drugs . . . and are found to be suitable for treatment and rehabilitation at the local level." (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61–62 [113 Cal.Rptr. 21, 520 P.2d 405].) The purpose of section 1000 "is two-fold. First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables courts to devote their limited time and re-

sources to cases requiring full criminal prosecution." (11 Cal.3d at pp. 61–62, fn. omitted.)

To achieve these specific goals, eligible defendants are narrowly defined. The Legislature determined a defendant must satisfy six factors to qualify.[2] Relevant to this case is the first requirement: "The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense." (§ 1000, subd. (a)(1).)

## B. *Statutory Interpretation*

Kirk does not dispute the fact he pleaded guilty to an offense involving controlled substances in federal court a few months prior to requesting diversion, but he argues the entry of a guilty plea is not a "conviction" within the meaning of section 1000. Therefore, whether Kirk is eligible for a deferred entry of judgment depends on the statutory interpretation of the term "conviction."

We are aware "the term 'conviction' has no fixed definition and has been interpreted by the courts of this state to have various meanings, depending upon the context in which the word is used." (*Rhoads, supra,* 221 Cal.App.3d at p. 60.) Consequently, we must "first examine the language of the statute enacted, giving the words their usual, ordinary meaning. [Citation.] . . . [¶] The language is construed in the context of the statute as a whole and the overall statutory scheme, so that we give ' "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.] 'Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in

---

[2] Specifically, it must appear to the prosecuting attorney that "all of the following apply to the defendant: [¶] (1) The defendant has no conviction for any offense involving controlled substances prior to the alleged commission of the charged offense. [¶] (2) The offense charged did not involve a crime of violence or threatened violence. [¶] (3) There is no evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision. [¶] (4) The defendant's record does not indicate that probation or parole has ever been revoked without thereafter being completed. [¶] (5) The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense. [¶] (6) The defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense." (§ 1000, subd. (a)(1).)

isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation].' [Citation.]" (*In re Ogea* (2004) 121 Cal.App.4th 974, 980–981 [17 Cal.Rptr.3d 698].)

In some cases the term "conviction" is defined "in a narrow sense signifying a verdict or guilty plea," and other times the term is "given a broader scope so as to include both the jury verdict (or guilty plea) *and* the judgment pronounced thereon. [Citations.]" (*Boyll v. State Personnel Board* (1983) 146 Cal.App.3d 1070, 1073–1074 [194 Cal.Rptr. 717].) For example, when a prior conviction goes to the determination of "civil consequences the conviction must be interpreted in a broader sense . . . ." (*Id.* at p. 1076.) A civil disability flowing from a conviction often concerns a valuable right of citizenship, and in this context, any ambiguity in the term "conviction" is resolved in favor of the citizen. (*Ibid.*) Accordingly, a "conviction" will require not only the ascertainment of guilt, but also the judgment entered thereon. (*Ibid.* [construing statute barring those with convictions from being employed as peace officers]; *Helena Rubenstein Internat. v. Younger* (1977) 71 Cal.App.3d 406, 418 [139 Cal.Rptr. 473] [construing constitutional provision disqualifying those with convictions from holding public office]; *Truchon v. Toomey* (1953) 116 Cal.App.2d 736, 744–745 [254 P.2d 638] [construing constitutional provision disqualifying those with convictions from voting].)

Yet, in criminal cases, courts have held an admission or finding of guilt is sufficient to establish a "conviction." "Where the existence of a prior conviction triggers increased punishment, courts interpret 'conviction' to mean the factual ascertainment of guilt by verdict or plea." (*People v. Williams* (1996) 49 Cal.App.4th 1632, 1637 [57 Cal.Rptr.2d 448] (*Williams*) ["Three Strikes" law, § 667, subds. (b)–(i)]; *People v. Shirley* (1993) 18 Cal.App.4th 40, 46–47 [22 Cal.Rptr.2d 340] (*Shirley*) [§ 667, subd. (a)]; *Rhoads, supra,* 221 Cal.App.3d at p. 60 [Health & Saf. Code, § 11370.2, subd. (c)]; *People v. Loomis* (1965) 231 Cal.App.2d 594, 595–596 [42 Cal.Rptr. 124] [§ 12021].)

In *Shirley*, the court was asked to determine whether a great bodily injury enhancement admitted by the defendant in an earlier proceeding, but stricken for purposes of sentencing, could be used as a serious felony component in a subsequent court proceeding. (*Shirley, supra,* 18 Cal.App.4th at p. 44.) The court held the defendant's admission of the enhancement was what was telling, not the imposition of a sentence. (*Id.* at pp. 46–47.)

Similarly, courts construing the term "conviction" in the context of the Three Strikes law have also rejected the argument a prior "conviction" must

include a sentence. (See, e.g., *Williams, supra,* 49 Cal.App.4th at p. 1638.) "The focus of the '[T]hree [S]trikes' law is *conduct*: did the defendant commit a felony after having previously committed one or more serious or violent felonies? When a defendant pleads guilty to or is convicted of a felony, the law is satisfied factually that he or she committed it. When the deterrent effect of the law fails and the defendant subsequently commits another felony, he or she becomes a repeat offender and deserves harsher punishment, regardless of whether judgment and sentence have been pronounced on the initial offense." (*Ibid.*) Thus, under the Three Strikes law, " 'prior felony convictions' . . . falls within the general rule illustrated in *Rhoads*: when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction." (*Ibid.*; see also *People v. Laino* (2004) 32 Cal.4th 878, 898 [11 Cal.Rptr.3d 723, 87 P.3d 27].)

█ The court in *Rhoads* rejected the defendant's argument that " 'nonsensical results' might occur if an enhancement were imposed based upon a plea which was subsequently withdrawn or rejected." (*Rhoads, supra,* 221 Cal.App.3d at p. 59.) The court reasoned, "We find that the truly 'nonsensical results' would occur under defendant's interpretation of the term 'conviction.' If defendant's interpretation were accepted, a person could commit and plead guilty to any number of violations within the purview of the statute, but so long as sentencing did not occur, the mandatory three-year enhancement would be avoided. The Legislature certainly did not intend to benefit a repeat offender such as defendant based solely on the fortuity of the timing of sentencing. [¶] The possibility that a plea might be withdrawn or might be rejected does not, in our opinion, affect the validity or effect of the plea unless and until withdrawal or rejection occurs. A guilty plea which might be withdrawn or rejected is directly analogous to a felony conviction which might be reversed on appeal. The legal effect of that conviction remains intact pending appeal and may be charged as a prior felony in a subsequent indictment [citation] or used to impeach a witness at trial (see *People v. Braun* (1939) 14 Cal.2d 1, 6 [92 P.2d 402] . . . [where the Supreme Court held that use of a prior conviction for impeachment purposes was proper even though after the trial where impeachment occurred, the prior conviction was reversed on appeal]). There is no reason to afford a guilty plea, which might be invalidated as the result of subsequent events, any less efficacy than that afforded to a conviction pending appeal." (*Id.* at pp. 59–60, fn. omitted.)

C. *Interpretation of "Conviction" for Purposes of Section 1000*

Kirk argues his guilty plea is not a disqualifying event for purposes of section 1000 because until sentence is pronounced he has not suffered a

conviction. He essentially urges us to ignore his conduct and adopt a literal and constricted definition of the term "conviction." We decline to do so.

As noted earlier, the Legislature in enacting section 1000, set forth statutory criteria to identify the incidental and inexperienced drug user who would likely respond positively to prompt exposure to education and counseling programs and who should be diverted from the normal criminal process. (*People v. Superior Court (On Tai Ho)*, *supra*, 11 Cal.3d at pp. 61–62.) In determining a defendant's eligibility for diversion, the court must evaluate *conduct* to determine whether the defendant is an experimental or tentative user who is amenable to treatment and rehabilitation. Just as a defendant is more severely punished for bad conduct under section 667 (*Williams*, *supra*, 49 Cal.App.4th at pp. 1637–1638), a defendant under section 1000 benefits from what is basically good conduct, i.e., the lack of prior violent or drug-related criminal behavior.

■ In entering his plea of guilty in federal court, Kirk necessarily admitted his involvement with a controlled substance. It is the factual determination of this conduct that renders Kirk ineligible for diversion. In adopting section 1000, the Legislature did not intend to benefit a drug offender "based solely on the fortuity of the timing of sentencing." (*Rhoads*, *supra*, 221 Cal.App.3d at p. 59.)

Additionally, an express objective of section 1000 is to divert qualified defendants from the normal criminal process. As a defendant pending sentencing on a federal felony charge, Kirk is already entangled in the normal criminal process. A deferred entry of judgment in state court will not extricate Kirk from the criminal justice system.

■ In light of the above, we conclude we are not faced with two equally reasonable but conflicting interpretations of "conviction" and, therefore, need apply the rule "requiring courts to adopt the more lenient interpretation of ambiguous penal statutes. . . . 'Courts will not construe an ambiguity in favor of the accused if "such a construction is contrary to the public interest, sound sense, and wise policy." [Citation.] Rather, "[t]he major consideration in interpreting a criminal statute is legislative purpose. . . ." ' " (*Williams*, *supra*, 49 Cal.App.4th at pp. 1638–1639.)

Kirk's reliance on *In re DeLong* (2001) 93 Cal.App.4th 562 [113 Cal.Rptr.2d 385] (*DeLong*), to support his argument he meets the eligibility requirements of section 1000, despite his prior guilty plea, is misplaced. In *DeLong*, the

court interpreted the term "convicted" as used in a newly enacted drug diversion statute: Proposition 36 was "approved at the November 7, 2000 General Election," but did not become effective until July 1, 2001. (93 Cal.App.4th at p. 569.) At issue in *DeLong* was whether one provision of the statutory scheme, section 1210.1, would apply to "the limited class of defendants who, as of the effective date, had been adjudged guilty and were awaiting sentencing." (93 Cal.App.4th at p. 569.) Only defendants "convicted" as of July 1, 2001, were eligible for diversion from incarceration into substance abuse treatment programs.

Concluding Proposition 36 "was intended to have a far-ranging application to nonviolent drug offenders," the court determined "convicted" as used in 1210.1 meant "adjudication of guilt *and* judgment thereon. Consequently, DeLong, who was found guilty but had not yet been sentenced when the initiative took effect on July 1, 2001, had not yet been convicted as of that date and thus [was] eligible for sentencing pursuant to Proposition 36." (*DeLong, supra,* 93 Cal.App.4th at pp. 569–570.) The *DeLong* court reasoned, in view of the statutory scheme's "provisions extending it to defendants who were already on probation or on parole at the time the initiative took effect, no rationale appears to exclude from its wide reach" defendants like DeLong who were found guilty but had not yet been sentenced as of July 1, 2001. (*Id.* at p. 569.)

■　　We recognize both sections 1210.1 and 1000 concern the fate of drug offenders, but the focus and ultimate purpose of the two statutory schemes are not analogous.[3] The *DeLong* court determined the basic goal of section 1210.1 was to provide drug treatment to as many nonviolent defendants as possible and "the term 'convicted' . . . should be interpreted so as to give the initiative a broad application." (*DeLong, supra,* 93 Cal.App.4th at p. 570.) In contrast, the Legislature intended section 1000 to have a limited application to only a small class of defendants, and it specifically articulated narrow and stringent requirements for eligibility. The purpose of section 1000 would be frustrated by a construction ignoring evidence of factual guilt.

---

[3] In light of this finding, we need not determine whether *DeLong* was correctly decided, nor do we weigh in on the debate over the retroactive application of section 1210.1 to defendants who were not sentenced before July 1, 2001. However, we note several courts disagree with the *DeLong* court's construction of section 1210.1. (See, e.g., *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1035 [131 Cal.Rptr.2d 375] [under the plain meaning of Proposition 36, convicted "means only adjudication of guilt, and not adjudication of guilt and the judgment"].)

## DISPOSITION

The judgment is affirmed.

Bedsworth, Acting P. J., and Moore, J., concurred.