Filed 8/29/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>THOMAS LEE SPILLER,<br><br>        Defendant and Appellant. | F070068<br><br>(Super. Ct. No. SC072765A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Ivan Marrs, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Proposition 36, also known as the Three Strikes Reform Act of 2012 (Proposition 36 or the Act) created a postconviction release proceeding for offenders serving indeterminate life sentences under the three strikes law for crimes that are not serious or

violent felonies. (Pen. Code,[1] § 1170.126.) One of the factors rendering an inmate statutorily ineligible for resentencing is the presence of any prior convictions for so-called "super strikes," offenses specified in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e)(3).)

In this opinion, we answer the question of what is a prior conviction under Proposition 36: Must it occur prior to the conviction resulting in the inmate's third strike sentence, or may it occur prior to the court's ruling on the inmate's petition for resentencing? We conclude a prior disqualifying conviction must occur prior to the inmate's conviction resulting in the inmate's indeterminate life sentence under the three strikes law.

Defendant Thomas Lee Spiller, currently serving a third strike indeterminate life sentence for a nonserious and nonviolent offense, petitioned the superior court to recall his sentence and resentence him as a second strike offender. The court denied his petition, finding defendant ineligible for resentencing because he had a disqualifying prior conviction for attempted murder (§§ 664, 187). Defendant's disqualifying "prior" conviction occurred after the conviction resulting in his third strike indeterminate life sentence. On appeal, defendant maintains the trial court erred in finding him statutorily ineligible for resentencing. We agree and will remand the matter back to the superior court for a determination of whether resentencing would pose "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

## FACTS

In March 1997, defendant was convicted of five counts of robbery (§ 211) and was sentenced to 10 years in prison.

In June 1998, defendant was convicted of smuggling methamphetamine into prison (§ 4573), and conspiring to smuggle methamphetamine into prison (§ 182, subd. (a)). In addition, defendant was found to have suffered five prior "strike" convictions

---

[1]All undefined statutory references are to the Penal Code unless otherwise specified.

(§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). He received a sentence of 25 years to life under the three strikes law.

In March 2001, defendant was convicted of attempted murder (§§ 664, 187) and assault while serving a life sentence (§ 4500), with a great bodily injury enhancement (§ 12022.7). He received a consecutive term of 45 years to life.

On November 6, 2012, voters passed Proposition 36.

On December 23, 2013, defendant filed a petition seeking to recall his sentence of 25 years to life pursuant to his 1998 conviction. Under Proposition 36, a prior conviction for an offense such as attempted murder (§§ 664, 187) disqualifies an inmate from resentencing, even if the inmate's third strike offense is nonserious and nonviolent. (§ 1170.126, subd. (e)(3)), referring to §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).) The trial court denied defendant's petition, reasoning he was ineligible for resentencing because his conviction for attempted murder was a prior disqualifying conviction.

## DISCUSSION

Defendant contends he is eligible for resentencing because he did not have a disqualifying prior conviction at the time he received the sentence he now seeks to recall. He argues his conviction for attempted murder—the disqualifying conviction—is not a prior conviction because it succeeded the conviction resulting in his indeterminate life sentence under the three strikes law. We agree.

### A. Background of Proposition 36

On November 6, 2012, the electorate passed Proposition 36. Proposition 36 has prospective and retrospective components. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1292.)

The prospective portion of Proposition 36 changed the requirements for sentencing a third strike offender under the three strikes law. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) Prior to the enactment of Proposition 36, a defendant who had

3.

two or more prior serious or violent felony convictions was subject to a sentence of 25 years to life upon any new felony conviction. (Former §§ 667, subds. (b)-(i), 1170.12.) Proposition 36 amended sections 667 and 1170.12 to require courts to impose life sentences only where the new offense is not just any felony offense, but a serious or violent offense, unless the prosecution pleads and proves certain disqualifying factors. In all other cases, the defendant will be sentenced as a second strike offender. (*People v. Yearwood*, *supra*, at pp. 167–168.)

The retrospective portion of the Act applies to inmates already serving an indeterminate life sentence under the three strikes law. The Act added section 1170.126 to the Penal Code, a resentencing provision providing eligible inmates serving an indeterminate life sentence the opportunity to be resentenced as a second strike offender. Section 1170.126, subdivision (e) sets forth several criteria for eligibility.

First, the inmate must be serving an indeterminate term of life imprisonment imposed under the three strikes law for a nonserious, nonviolent felony conviction. (§ 1170.126, subd. (e)(1); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies].)

Second, the inmate's current sentence must not involve certain disqualifying factors, such as the commission of certain felony sex offenses, crimes involving the use of a firearm or deadly weapon during the commission of a crime or the intent to cause great bodily injury to another person, and crimes involving the possession of substantial quantities of a controlled substance. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(i)-(iii), 1170.12, subd. (c)(2)(C)(i)-(iii).)

Finally, the defendant must have no prior convictions for certain felonies also known as "super strikes." (§ 1170.126, subd. (e)(3).) These offenses include certain sexually violent offenses, sex crimes against children, homicide offenses, assault with a machine gun on a peace officer, possession of weapons of mass destruction, convictions for offenses in California punishable by life imprisonment or death, solicitation to

4.

commit murder, and attempted murder.  (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)

If the inmate meets the eligibility criteria, he or she is entitled to resentencing to twice the term otherwise provided as punishment for the current felony "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)  Thus, whether an eligible inmate ultimately obtains resentencing depends upon the superior court's assessment of the inmate's dangerousness.

## B.    Analysis

Defendant seeks resentencing on his current convictions for drug smuggling and conspiracy to commit drug smuggling.  The parties do not dispute these offenses are nonserious and nonviolent felonies (§ 1170.126, subd. (e)(1)), nor do they implicate one of the disqualifying factors under subdivision (e)(2) of section 1170.126.  The parties also agree attempted murder is a disqualifying offense.  The only issue is whether defendant's conviction for attempted murder is a "prior" conviction, because it occurred after his drug smuggling conviction—the conviction resulting in his third strike sentence.  If so, the prior conviction renders him statutorily ineligible for resentencing.

The resolution of this issue turns on what constitutes a "prior conviction" under subdivision (e)(3) of section 1170.126.  In construing a voter initiative, the usual rules of statutory interpretation apply.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)  Our fundamental task is to ascertain and effectuate the electorate's intent in passing the initiative measure.  (*Ibid*.)  The plain language of the initiative is the most reliable indicator of the voters' intent.  (*Ibid*.)  Therefore, our first step is to scrutinize the statute's words, assigning them their usual and ordinary meanings and construing them in the context of the overall statutory scheme.  (*Ibid*.)  If the language of the statute allows for more than one reasonable interpretation, we will look to """other indicia of the voters'

5.

intent, particularly the analyses and arguments contained in the official ballot pamphlet."'''" (*Ibid.*)

The pertinent portions of section 1170.126 provide the following:

"(d) [A] petition for a recall of sentence … specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12.

"(e) An inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

As can be seen, section 1170.126 is written so that statutory eligibility determinations are made as of the date the defendant was sentenced to his or her indeterminate third strike life sentence. The current conviction is the conviction the

6.

inmate is currently serving a third strike indeterminate life sentence for, and prior convictions are those which occurred *prior* to the inmate's current conviction.

Focusing on the language of subdivision (e)(3) of section 1170.126 specifically, the People argue the use of the term "has" in subdivision (e)(3) indicates the prior conviction must only have occurred prior to the court's decision on the inmate's petition for resentencing. "[T]he Legislature's use of present tense language has often been interpreted as indicating an intent to establish 'current' requirements." (*People v. Brewer* (2001) 87 Cal.App.4th 1298, 1304, superseded by statute on other grounds as noted in *Good v. Superior Court* (2008) 158 Cal.App.4th 1494, 1504, 1510, fn. 13.) Thus, according to the People, prior disqualifying convictions must only have occurred prior to the superior court's decision as to the inmate's petition for resentencing.

However, verb tense is not always dispositive. Indeed, section 667, which was amended by the passage of the three strikes law, uses both past tense and present tense language in describing a prior conviction. (See § 667, subds. (b) ["It is the intent of the Legislature … to ensure longer prison sentences and greater punishment for those who commit a felony and *have been previously convicted* of one or more serious and/or violent felonies" (italics added)], (e)(2)(C) [if a defendant *has two or more prior serious and/or violent felony convictions* as defined in subdivision (d) that have been pled and proved …" (italics added)].) Nonetheless, it is well settled that under the three strikes law, a prior strike conviction must occur prior to, and not contemporaneous with or subsequent to, the inmate's current conviction. (*People v. Flood* (2003) 108 Cal.App.4th 504, 506, [three strikes law applies to persons who "'commit a felony and *have been previously convicted* of serious and/or violent felony offenses' (§ 667, subd. (b)"].) We, therefore, do not ascribe significant meaning from the fact the verb "has" is used in the phrase "The inmate has no prior convictions" under the resentencing provisions. (§ 1170.126, subd. (e)(3).)

Moreover, interpreting the term "prior conviction" to mean the same thing under the resentencing provisions as the initial sentencing provisions makes sense given the fact Proposition 36 did not merely add section 1170.126 (the resentencing provision) to the Penal Code, but it also amended sections 667 and 1170.12 (the initial sentencing provisions). Logically, section 1170.126 cannot be interpreted in isolation but must be construed in the context of the three strikes law, as amended by the Act, as a whole. There is a presumption that terms must be interpreted to be consistent with the statutory scheme of which they are a part. (*Ibarra v. City of Carson* (1989) 214 Cal.App.3d 90, 96 ["[i]n construing a statute we are required to interpret its terms consistent with the statutory scheme of which it is a part and to harmonize all the statutes if possible in accordance with the intent of the Legislature"].) While this presumption is rebuttable if there are contrary indications of legislative (or voter) intent (*Delaney v. Baker* (1999) 20 Cal.4th 23, 41–42), as we explain below, we find no evidence of a contrary intent by the electorate.

The People contend there is no evidence the voters would intend to similarly define what constitutes a prior conviction under the initial sentencing and resentencing provisions of Proposition 36. It is true there is no direct evidence of this, however, "'[t]he enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted.'" (*People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1015.) Where terms within a statute have been judicially construed, "'"'the presumption is almost irresistible'"'" that the terms have been used "'"'in the precise and technical sense which had been placed upon them by the courts.'"'" (*Ibid.*) This principle equally applies to legislation adopted by initiative. (*Ibid.*)

Further, the ballot materials fail to indicate the voters intended to expand the meaning of the term "prior conviction" when amending sections 667 and 1170.12, and enacting section 1170.126. One of the express purposes of Proposition 36 was "'to restore the original intent of California's Three Strikes law—imposing life sentences for

8.

dangerous criminals like rapists, murderers, and child molesters.'" (Historical and Statutory Notes, 49 West's Ann. Pen. Code (2016 supp.) foll. § 667, p. 72.) This was to be achieved, in part, by "'[r]equir[ing] that murderers, rapists, and child molesters serve their full sentences ....'" (*Id*. at p. 73.) The ballot materials further provided the initiative would "Require that murderers, rapists and child molesters [some of the super strike offenders] serve their full sentences—they will receive life sentences, even if they are convicted of a *new* minor third strike crime." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, p. 105, italics added.) Thus, the ballot materials only refer to the term "prior conviction" to mean a conviction preceding the inmate's conviction resulting in his or her third strike sentence.

The People argue we must consider the term "prior conviction" in light of the general objectives to be achieved by Proposition 36. As evidenced by the Voter Information Guide, six arguments were advanced in favor of the Act: "(1) 'make the punishment fit the crime'; (2) 'save California over $100 million every year'; (3) 'make room in prison for dangerous felons'; (4) 'law enforcement support'; (5) 'taxpayer support'; and (6) 'tough and smart on crime.' (Voter Information Guide, Gen. Elec.[, *supra*,] argument in favor of Prop. 36, p. 52, capitalization omitted.)" (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 171.) The ballot materials also provide that "Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets" and "Prop. 36 will keep dangerous criminals off the streets." (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52.)

The People assert that to construe the definition of a prior conviction under section 1170.126 to mean a super strike conviction must occur prior to the defendant's third strike conviction would be incongruent with a key purpose of the Act: to protect the public safety. According to the People, super strike offenders are per se dangerous to the public safety, regardless of when they committed a super strike offense.

9.

We do not agree that interpreting the term "prior conviction" to mean the same thing in the initial sentencing and resentencing provisions under Proposition 36 would be incongruent with the purposes of the Act. Defendant here was not deemed a super strike offender until sometime after he began serving his third strike sentence. Consistent with the assurances provided to voters, he will be ineligible for resentencing for the commission of any *new* offenses. (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 36, § 1, p. 105.)

To the extent an inmate who commits a super strike offense while serving a third strike life sentence is dangerous, we emphasize that simply because an inmate is statutorily eligible for resentencing as to a nonserious and nonviolent offense does not mean the inmate will be released from prison or that he or she will be resentenced at all. The Act contains a safety valve permitting the superior court to deny relief to an inmate if "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Under subdivision (f) of section 1170.126, the court may "expand its inquiry to factual matters beyond the scope of defendant's earlier convictions and the offenses for which the original sentence was imposed." (*People v. Berry* (2015) 235 Cal.App.4th 1417, 1420-1421.) Indeed, the superior court is permitted to consider the following in exercising its discretion under subdivision (f) of section 1170.126:

> "(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

> "(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

> "(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

Thus, the fact an inmate committed a super strike offense while serving a third strike indeterminate life sentence will still be considered in the court's resentencing determination.

10.

In the event a court determines the inmate does not pose an unreasonable risk of danger to public safety and is entitled to resentencing, the inmate will still be subject to a prison term for the commission of the super strike offense. Moreover, an inmate serving an indeterminate life term for a serious or violent felony "will not be granted parole if the Board of Parole Hearings determines that 'consideration of the public safety requires a more lengthy period of incarceration …' (§ 3041, subd. (b); see *In re Vicks* (2013) 56 Cal.4th 274, 294–295)." (*Johnson*, *supra*, 61 Cal.4th at p. 690.) Reducing the inmate's sentence imposed for an offense that is neither serious nor violent will result only in the earlier consideration for parole.

Here, even if the superior court determines resentencing does not pose a threat to public safety, defendant will continue to serve a prison term of 45 years to life for his super strike offense. Thus, the spectre of dangerous criminals walking out of prison as a result of our holding is simply just that—a spectre.

We note one other court has considered this issue previously, but review of the matter was subsequently dismissed by our Supreme Court following *Johnson*, *supra*, 61 Cal.4th 674. (*People v. Dunckhurst* (2014) 226 Cal.App.4th 1034, review granted Sept. 17, 2014, dismissed Oct. 14, 2015, S219745, and superseded by *Johnson*, *supra*, 61 Cal.4th 674.)[2] Out of an abundance of caution, we invited the parties to submit supplemental briefing to address whether *Johnson* has any bearing on the issue presently before us. After reviewing the parties' briefs and considering all arguments therein, we conclude *Johnson* did not resolve the issue before us, but it is persuasive authority.

In *Johnson*, our Supreme Court considered in part whether a defendant who is serving a third strike sentence for a serious and violent felony is eligible for resentencing as to another current conviction that is neither serious nor violent. (*Johnson*, *supra*, 61 Cal.4th at p. 687.) The court held an inmate is not ineligible because Proposition 36 calls

---

[2]We make no inferences from our Supreme Court's dismissal of *People v. Dunckhurst* nor do we rely on the opinion.

for a "count-by-count approach to sentencing." (*Johnson*, at p. 690.) The court reasoned, in relevant part, that "evaluating eligibility for resentencing on a count-by-count basis promotes sentencing that fits the crime." (*Id*. at p. 694.)

Here, defendant was sentenced to an indeterminate life sentence under the three strikes law for a nonserious and nonviolent felony. At the time he was sentenced, he had no prior disqualifying convictions. Although the lower court may ultimately determine resentencing would pose an unreasonable risk to the public safety, our conclusion that defendant is not statutorily disqualified from resentencing because of his subsequent conviction is consistent with the fundamental objectives of Proposition 36. It ensures the "punishment fit[s] the crime" and does not thwart the electorate's objective in ensuring "truly dangerous criminals will receive no benefits … from the reform." (See Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 36, p. 52.)

We conclude defendant is not statutorily ineligible for resentencing because his 2001 conviction for attempted murder occurred after the offense for which he seeks resentencing. The conviction may, nonetheless, be considered in the superior court's determination of whether defendant "would pose an unreasonable risk to public safety."[3] (§ 1170.126, subd. (f).)

---

[3]We are cognizant that the issue of what constitutes a prior conviction has recently been considered as the term applies to the reclassification procedures under Proposition 47, The Safe Neighborhoods and Schools Act, approved by California voters in November 2014. (See *People v. Montgomery* (2016) 247 Cal.App.4th 1385; see also *People v. Zamarripa* (2016) 247 Cal.App.4th 1179.) In both cases, the courts resolved the matter against the defendants and held that a prior conviction is a conviction occurring any time prior to the filing of the petitioner's redesignation application, rather than prior to the crime for which the petitioner was seeking reclassification and resentencing. (*Montgomery*, *supra*, at p. 1387; *Zamarripa*, *supra*, at p. 1181.)

While both initiatives are acts of lenity, we do not consider our colleagues' interpretation of what constitutes a prior conviction under Proposition 47 relevant to Proposition 36. As noted, Proposition 36 amended the three strikes law and was designed to deal with inmates currently serving indeterminate life sentences for nonserious and nonviolent offenses. On the other hand, Proposition 47, enacted two years after Proposition 36 (Cal. Const., art. II, § 10, subd. (a)), was designed to deal with individuals sentenced as felons for low-level felony crimes now rendered misdemeanors. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Offenses reduced to misdemeanors under Proposition 47 involve crimes of theft and drug use for personal

## DISPOSITION

The order denying defendant's resentencing petition is reversed. The matter is remanded for a hearing to determine whether defendant would pose an unreasonable risk of danger to public safety such that he should not be resentenced.

_____
PEÑA, J.

WE CONCUR:


_____
KANE, Acting P.J.


_____
SMITH, J.

---

consumption. The initiatives deal with a different class of offenders, and the resentencing of petitioners under both initiatives results in entirely different consequences.

13.