Filed 7/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OMAR CASILLAS,<br><br>    Defendant and Appellant. | F071951<br><br>(Super. Ct. No. MF007375A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Barry Hammer, Judge.  (Retired Judge of the San Luis Obispo County Sup. Ct. assigned by the Chief Justice pursuant to article VI, § 6 of the Cal. Const.)

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Caely E. Fallini, and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Omar Casillas appeals from a postjudgment order denying his 2015 petition to reduce a 2006 felony conviction to a misdemeanor conviction pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47 or the Act). The trial court denied the petition on the grounds that he had been convicted of a "super strike" offense in 2013. Defendant contends the order must be reversed because the 2013 conviction does not constitute a "prior" conviction within the meaning of Proposition 47. We disagree and affirm the order.

## BACKGROUND

In 2006, defendant pled nolo contendere to felony possession of a controlled substance (Health & Saf. Code, § 11377, former subd. (a))[1] and admitted he served a prior prison term (Pen. Code,[2] § 667.5, subd. (b)). After being placed on probation, and then violating that probation, defendant received a sentence of three years. He purportedly completed that sentence.

On August 27, 2013, defendant was convicted of attempted murder (§§ 187, subd. (a), 664); false imprisonment (§ 236); assault with a semiautomatic firearm (§ 245, subd. (b)); unlawful possession of a firearm (§ 29800, subd. (a)(1)); and unlawful possession of ammunition (§ 30305, subd. (a)(1)). In connection with the attempted murder, the jury found true the allegation he personally and intentionally discharged a

---

[1]    At the time of the offense, Health and Safety Code section 11377, subdivision (a) provided that possession of a controlled substance "shall be punished by imprisonment in a county jail for a period of not more than one year or in the state prison." (See *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 980 ["By making violation of Health and Safety Code section 11377, subdivision (a), a wobbler, the Legislature has determined that either a misdemeanor or a felony punishment may be appropriate in the discretion of the sentencing court."].)

[2]    Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

2.

firearm. (§ 12022.53, subd. (c).) On October 25, 2013, defendant received an aggregate sentence of 29 years.**3**

Proposition 47 was approved by the voters on November 4, 2014, and became effective the next day. (*People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1256; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; see Cal. Const., art. II, § 10, subd. (a).) The Act reduced certain drug- and theft-related offenses that had previously been designated as either felonies or wobblers to straight misdemeanors. It amended, inter alia, Health and Safety Code section 11377. (*People v. Lynall*, *supra*, at pp. 1108-1109.) Now, possession of a controlled substance "shall be punished by imprisonment in a county jail for a period of not more than one year" (Health & Saf. Code, § 11377, subd. (a)) "unless the perpetrator has one or more prior convictions for so-called super strike offenses (the offenses listed in § 667, subd. (e)(2)(C)(iv))[4]" (*People v. Bradshaw*,

---

**3**    Defendant filed a notice of appeal on October 25, 2013, which was assigned Docket No. F068294. In an unpublished opinion filed December 10, 2015, we directed the trial court to correct a clerical error in the abstract of judgment and affirmed the judgment in all other respects. Defendant filed a petition for review on January 14, 2016. The Supreme Court denied the petition on February 17, 2016.

**4**    Section 667, subdivision (e)(2)(C)(iv) reads:

"The defendant suffered a prior serious and/or violent felony conviction . . . for any of the following felonies:

"(I)  A 'sexually violent offense' as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code.

"(II)  Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by [s]ection 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by [s]ection 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by [s]ection 289.

"(III)  A lewd or lascivious act involving a child under 14 years of age, in violation of [s]ection 288.

"(IV)  Any homicide offense, including any attempted homicide offense, defined in [s]ections 187 to 191.5, inclusive.

*supra*, at p. 1256; accord, Health & Saf. Code, § 11377, subd. (a)).  The Act also added section 1170.18, which "allow[s] certain convicted felons to petition the court to have their felony convictions designated as misdemeanors and their penalties reduced." (*People v. Walker* (2016) 5 Cal.App.5th 872, 875 (*Walker*).)  Section 1170.18 reads in pertinent part:

> "(f)  A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this [A]ct had this [A]ct been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.

> "(g)  If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.  [¶] . . . [¶]

> "(i)  The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in . . . [s]ection 667[, subd. (e)(2)(C)(iv)] . . . ."

On May 29, 2015, defendant filed a petition to reduce his 2006 felony drug conviction to a misdemeanor conviction pursuant to section 1170.18, subdivision (f).  On June 15, 2015, the trial court denied his petition on the grounds that he had been convicted of a super strike offense, i.e., attempted murder, in 2013.  (See *ante*, fn. 4.)

---

> "(V)  Solicitation to commit murder as defined in [s]ection 653f.

> "(VI)  Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of [s]ection 245.

> "(VII)  Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of [s]ection 11418.

> "(VIII)  Any serious and/or violent felony offense punishable in California by life imprisonment or death."

## DISCUSSION

### I. Standard of review.

"When we interpret an initiative, we apply the same principles governing statutory construction.  We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole.  If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language.  If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure."  (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

Matters of statutory interpretation are questions of law subject to de novo review. (*Walker*, *supra*, 5 Cal.App.5th at p. 876; *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1388 (*Montgomery*); *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1183 (*Zamarripa*).)

### II. Section 1170.18, subdivision (i) disqualifies a person who has suffered a super strike conviction any time before the trial court rules on his or her reclassification petition.

There is no dispute that (1) a jury convicted defendant of attempted murder, inter alia, in 2013; (2) attempted murder is a disqualifying super strike offense; and (3) defendant sought reclassification of his 2006 felony drug conviction in 2015.  The question is what "prior" in section 1170.18, subdivision (i)'s "prior conviction" means: in other words,  " '[p]rior to what?' "  (*Montgomery*, *supra*, 247 Cal.App.4th at p. 1387.)  Whereas defendant urges us to adopt an interpretation that only "exclude[s] those defendants who have any super strike conviction which predates the . . . offense for which relief is sought," the Attorney General maintains a " 'prior' conviction is any conviction occurring before the trial court rules on a petition for re[lief]."

5.

In common parlance, "prior" means "[p]receding in time or order." (American Heritage Dict. (3d college ed. 2000) p. 1088; accord, Black's Law. Dict. (9th ed. 2009) p. 1313.) Exactly *what* is being preceded in time or order depends on context. For example, it is clear that the phrase "prior conviction" in Health and Safety Code section 11377, subdivision (a), refers to a super strike conviction that precedes a violation under the subdivision:

> "[E]very person who possesses any controlled substance . . . shall be punished by imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of [s]ection 1170 . . . if that person has one or more prior convictions for an offense specified in . . . [s]ection 667[, subdivision (e)(2)(C)(iv)] . . . ."

By contrast, section 1170.18, subdivision (i) positions "prior conviction" relative to the nonspecific datum "[t]he provisions of this section." (See *ante*, at p. 4; see also *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1184 ["Nothing in section 1170.18, subdivision (i) limits its application to time periods prior to the commission of the offense for which reclassification is sought."].) Thus, we examine these provisions for guidance.

Section 1170.18 sets forth two relief procedures: (1) for persons currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47, a petition for recall and resentencing (§ 1170.18, subds. (a)-(b)); and (2) for persons who have completed a felony sentence for an offense that is now a misdemeanor under Proposition 47, a petition for reclassification (§ 1170.18, subds. (f)-(h)). Those with "prior" super strike convictions are disqualified from applying. (*Id.*, subd. (i).) Because "[t]he provisions of this section" are predominantly concerned with these relief procedures, one could rationally argue a "prior conviction" under section 1170.18, subdivision (i) refers to a super strike conviction that occurs before one avails himself or herself of these procedures. (See *Zamarripa*, *supra*, 247 Cal.App.4th at p. 1184 ["The plain language of the statute suggests a general disqualification regardless of when a

6.

defendant was convicted of the disqualifying offense."]; see also *People v. Youngblood* (2001) 91 Cal.App.4th 66, 71 ["We must interpret a statute consistently with the meaning derived from its grammatical structure."].) At the same time, another could rationally argue Health and Safety Code section 11377, subdivision (a)'s definition should control, given Proposition 47 amended that statute. (See *ante*, at p. 3; see also *People v. Woodhead* (1987) 43 Cal.3d 1002, 1009 ["A statute must be construed 'in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.' "].)

Because section 1170.18, subdivision (i)'s "prior conviction" is "capable of two constructions, both of which are reasonable" (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 776), the phrase is ambiguous (*ibid.*). (See *Montgomery*, *supra*, 247 Cal.App.4th at p. 1389 ["In light of the about-face on this issue in the Proposition 47 materials prepared for judges and practitioners, we think it reasonable to conclude that the term 'prior conviction' is ambiguous."].) "To resolve this ambiguity, we turn to the indicia of the voters' intent found in the text, analysis and arguments presented in the official election materials." (*Walker*, *supra*, 5 Cal.App.5th at p. 876; see *People v. Coronado* (1995) 12 Cal.4th 145, 151 ["If . . . the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources . . . ."].)

Our review of the official election materials "compels the conclusion that 'prior conviction[],' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor." (*Walker*, *supra*, 5 Cal.App.5th at p. 876.) Section 2 of the Act, titled "Findings and Declarations," states:

> "The people of the State of California find and declare as follows: [¶] The people enact the . . . Act to ensure that prison spending is focused on violent serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and

7.

mental health and drug treatment. *This [A]ct ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed.*" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70, italics added (Voter Information Guide).)

Section 3 of the Act, titled "Purpose and Intent," proclaims:

> "In enacting this [A]ct, it is the purpose and intent of the people of the State of California to: [¶] . . . [e]nsure that people convicted of murder, rape, and child molestation will not benefit from this [A]ct." (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)

An analysis by the Legislative Analyst reads in part:

> "This measure allows offenders currently serving felony sentences for the above crimes [e.g., drug possession] to apply to have their felony sentences reduced to misdemeanor sentences. In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor. *However, no offender who has committed a specified severe crime could be resentenced or have their conviction changed.*" (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 36, italics added.)

Finally, the rebuttal to the argument against Proposition 47 reads in part:

> "[Proposition 47] includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (Voter Information Guide, *supra*, rebuttal to argument against Prop. 47, p. 39.)

Taking into account these repeated assurances that those convicted of dangerous and severe crimes "like rape, murder, and child molestation" could not benefit from the Act, "[i]t would make no sense . . . for us to construe the phrase 'prior conviction' as limited only to those convictions that preceded the crime [a] defendant seeks to reclassify as a misdemeanor." (*Zamarripa*, *supra*, 247 Cal.App.4th at p. 1184; see *Montgomery*, *supra*, 247 Cal.App.4th at p. 1392 ["[The framers'] intent could not have been to mete out leniency based upon whether one attempts murder and then possesses [drugs] or possesses [drugs] and then attempts murder."].)

In a supplemental brief, defendant cites as supporting authority *People v. Spiller* (2016) 2 Cal.App.5th 1014 (*Spiller*), in which we addressed the question of what constitutes a "prior conviction" within the meaning of Proposition 36, the Three Strikes Reform Act of 2012 (hereafter Proposition 36). In *Spiller*, the defendant was convicted of five counts of robbery in 1997. A year later, he was convicted of smuggling methamphetamine into prison and conspiring to smuggle methamphetamine into prison, found to have suffered five prior strike convictions, and sentenced to 25 years to life under the Three Strikes law. Defendant was later convicted of attempted murder, inter alia, in 2001. (*Spiller*, *supra*, at pp. 1018-1019.) On November 6, 2012, voters approved Proposition 36, which created a postconviction release proceeding for offenders serving indeterminate life sentences under the Three Strikes law for crimes that are not serious or violent felonies. (*Spiller*, *supra*, at pp. 1018-1019; see § 1170.126.) On December 23, 2013, the defendant filed a petition for recall of the indeterminate life sentence he was serving for the 1998 drug convictions. Pursuant to section 1170.126, subdivision (e)(3), the trial court denied the petition on the grounds that he had been convicted of a disqualifying super strike offense, i.e., attempted murder, in 2001. (*Spiller*, *supra*, at p. 1019.)

The issue before us then was whether the defendant's 2001 attempted murder conviction "constitutes a 'prior conviction' under subdivision (e)(3) of section 1170.126." (*Spiller*, *supra*, 2 Cal.App.5th at p. 1021.) In accordance with the rules of statutory construction, we scrutinized the plain language of section 1170.126. (*Spiller*, *supra*, at p. 1021.) We found the following portions pertinent:

> " '(d) [A] petition for a recall of sentence . . . [shall] specify all of the currently charged felonies, which resulted in the sentence under . . . [s]ection 667[, subdivision (e)(2)] or . . . [s]ection 1170.12[, subdivision (c)(2)], or both, and shall also specify all of the prior convictions alleged and proved under . . . [s]ection 667[, subdivision (d)] and . . . [s]ection 1170.12[, subdivision (b)].

9.

" '(e) An inmate is eligible for resentencing if:

" '(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to . . . [s]ection 667[, subdivision (e)(2)] or . . . [s]ection 1170.12[, subdivision (c)] for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by . . . [s]ection 667.5[, subdivision (c)] or . . . [s]ection 1192.7[, subdivision (c)].

" '(2) The inmate's current sentence was not imposed for any of the offenses appearing in . . . [s]ection 667[, subdivision (e)(2)(C)(i)-(iii)] or . . . [s]ection 1170.12[, subdivision (c)(2)(C)(i)-(iii)].

" '(3) The inmate has no prior convictions for any of the offenses appearing in . . . [s]ection 667[, subdivision (e)(2)(C)(iv)] or . . . [s]ection 1170.12[, subdivision (c)(2)(C)(iv)].' " (*Spiller*, *supra*, 2 Cal.App.5th at pp. 1021-1022.)

Based on our reading of this language, we concluded:

"[S]ection 1170.126 is written so that statutory eligibility determinations are made as of the date the defendant was sentenced to his or her indeterminate third strike life sentence. The current conviction is the conviction the inmate is currently serving a third strike indeterminate life sentence for, and prior convictions are those which occurred *prior* to the inmate's current conviction." (*Spiller*, *supra*, 2 Cal.App.5th at p. 1022.)

Accordingly, we reversed the trial court's order denying the defendant's petition. (*Spiller*, *supra*, 2 Cal.App.5th at p. 1027.)

Our decision in *Spiller* is inapposite. First, in contrast to the instant case, we were able to ascertain the meaning of "prior" in section 1170.126's "prior conviction" based on the statutory language alone. "Prior conviction" is positioned relative to "currently charged felonies, which resulted in the [indeterminate] sentence . . ." and similar wording. (*Id*., subd. (d).) Exactly *what* is being preceded in time or order by the disqualifying super strike conviction is evident: the felony conviction that triggered an indeterminate life sentence under the Three Strikes law. (Cf. *ante*, at pp. 6-7.) Second, although we had no obligation to examine extrinsic sources (see, e.g., *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [where statutory language is clear and unambiguous, extrinsic indicia of intent need not be considered]), we nonetheless looked

at Proposition 36's ballot materials and found nothing to suggest the voters intended to expand the definition of "prior conviction" to include any super strike conviction that occurs before a court's ruling on a petition for recall and resentencing (see *Spiller*, *supra*, 2 Cal.App.5th at pp. 1023-1024).  (Cf. *ante*, at pp. 7-8.)  Furthermore, we explicitly distinguished our decision from *Montgomery* and *Zamarripa*:

> "While both initiatives are acts of lenity, we do not consider our colleagues' interpretation of what constitutes a prior conviction under Proposition 47 relevant to Proposition 36. . . .  Proposition 36 amended the [T]hree [S]trikes law and was designed to deal with inmates currently serving indeterminate life sentences for nonserious and nonviolent offenses. On the other hand, Proposition 47, enacted two years after Proposition 36 [citation], was designed to deal with individuals sentenced as felons for low-level felony crimes now rendered misdemeanors [citation].  Offenses reduced to misdemeanors under Proposition 47 involve crimes of theft and drug use for personal consumption.  The initiatives deal with a different class of offenders, and the resentencing of petitioners under both initiatives results in entirely different consequences."  (*Spiller*, *supra*, 2 Cal.App.5th at pp. 1026-1027, fn. 3; see *Walker*, *supra*, 5 Cal.App.5th at p. 878 ["[Proposition 36 and Proposition 47] reflect profound differences in purpose and intent."].)

### III.  Section 1170.18, subdivision (i) disqualifies a person who has pled or been found guilty of a super strike offense.

Alternatively, defendant argues his 2013 attempted murder conviction does not disqualify him from relief because, at the time the trial court decided his 2015 petition, that conviction was not yet "final," i.e., the conviction did not "reach[] final disposition in the highest court authorized to review it."  (See *ante*, fn. 3.)  Because section 1170.18, subdivision (i) does not expressly define "conviction," we "apply settled rules of statutory construction to determine the meaning of the term" (*People v. Castello* (1998) 65 Cal.App.4th 1242, 1252).  "Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.'  [Citation.]"  (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)  " 'If the language is clear and unambiguous there is no need for construction . . . .' [Citation.]"  (*Delaney v. Superior Court*, *supra*, 50 Cal.3d at p. 798.)

11.

A "conviction" is ordinarily defined as either "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty" or "[t]he judgment (as by a jury verdict) that a person is guilty of a crime." (Black's Law. Dict., *supra*, at p. 384; see *People v. Davis* (2010) 185 Cal.App.4th 998, 1001 ["It has been settled law for over 250 years that a person stands 'convicted' upon the return of a guilty verdict by the jury or by the entry of a plea admitting guilt."].) Moreover, "in criminal cases, courts have held an admission or finding of guilt is sufficient to establish a 'conviction.' " (*People v. Kirk* (2006) 141 Cal.App.4th 715, 721 (*Kirk*); see, e.g., *People v. Rosbury* (1997) 15 Cal.4th 206, 210; *People v. Banks* (1959) 53 Cal.2d 370, 390-391.)[5] Hence, in our examination of section 1170.18, subdivision (i), a penal statute, we apply "[t]he ordinary legal meaning of 'conviction' " (*People v. Castello*, *supra*, 65 Cal.App.4th at p. 1253): "a verdict of guilty or the confession of the defendant in open court, and not the sentence or judgment" (*ibid.*). In doing so, we find no ambiguity to resolve. We point out legal precedent supports usage of the ordinary meaning of "conviction" " '[w]here the existence of a prior conviction triggers increased punishment' " (*Kirk*, *supra*, 141 Cal.App.4th at p. 721), here being disqualified from petitioning for relief under Proposition 47. We also point out that utilizing defendant's preferred definition could " 'inevitably frustrate the manifest purposes of the legislation as a whole or lead to absurd results.' [Citation.]" (*People v. Moore* (2004) 118 Cal.App.4th 74, 78.) As noted, the voters did not want individuals convicted of super strike offenses to benefit from Proposition 47. (See *ante*, at pp. 7-8.) Under defendant's definition, however, a person who has either pled guilty to or been found guilty of such a

---

**5** We recognize "another meaning, essentially an exception to the general rule. Where a civil penalty, such as disenfranchisement or debarment from office, follows as a consequence of the conviction, the conviction is held not to occur until the sentence has been pronounced." (*People v. Davis*, *supra*, 185 Cal.App.4th at p. 1001; accord, *Kirk*, *supra*, 141 Cal.App.4th at p. 721, *People v. Martinez* (1998) 62 Cal.App.4th 1454, 1460.)

12.

crime may petition for relief under Proposition 47 simply because an appeal is pending. That person could conceivably obtain resentencing or a reclassification during this window of opportunity even if the judgment of conviction is subsequently affirmed. Usage of the ordinary meaning of "conviction" forestalls such a scenario.

## **DISPOSITION**

The postjudgment order is affirmed.

_____
DETJEN, Acting P.J.

WE CONCUR:


_____
PEÑA, J.


_____
MEEHAN, J.

13.